**Kay LITTLE, Plaintiff,**

v.

**MASTER–BILT PRODUCTS, INC., Defendant.**

**No. WC 79–3–K–P.**

United States District Court, N. D. Mississippi, W. D.

April 30, 1981.

David G. Hill, Oxford, Miss., for plaintiff.

William E. Hester, III, New Orleans, La., for defendant.

## MEMORANDUM ORDER

### DENYING DEFENDANT'S MOTION TO RECONSIDER

KEADY, Chief Judge.

On December 31, 1980, we issued Memorandum of Decision and Judgment in which we held that defendant Master-Bilt had unlawfully engaged in sex discrimination against a class of past and present female employees in its promotion and upgrade policies and practices. *See Little v. Master-Bilt*, 506 F.Supp. 319 (N.D.Miss.1980). Applying then-current Fifth Circuit law, we ruled against Master-Bilt for failure to show by a preponderance of the evidence the existence of legitimate, nondiscriminatory reasons for its employment actions. Master-Bilt has now moved the court, pursuant to Rule 60(b), F.R.Civ.P., to reconsider its interim judgment and injunction on the basis of *Texas Department of Commu-nity Affairs v. Burdine*, —— U.S. ——, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). We agree with Master-Bilt that *Burdine* materially changed the law. However, application of *Burdine* to the cause sub judice does not change the result we reached in our prior decision.

*Burdine* reviewed the Fifth Circuit's previously announced view that once plaintiff has made his prima facie Title VII case, the burden shifts to defendant to prove by a preponderance of the evidence that legitimate, nondiscriminatory reasons for the allegedly unlawful action existed. The Fifth Circuit's construction of this burden was at variance with that held by other courts of appeals, namely, that defendant need only articulate a legally sufficient reason to justify its conduct such that a genuine issue of fact is raised. Reversing the Fifth Circuit, the Court agreed with the other courts of appeals that the burden on defendant is one of production, not persuasion. "If the defendant carried this burden of production, the presumption raised by the prima facie case is rebutted.... A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence." At —— – —— & n.10, 101 S.Ct. 1095 & n.10. *See Robbins v. White-Wilson Medical Clinic, Inc.*, 642 F.2d 153 (5th Cir. 1981).

Master-Bilt's contention that we placed upon it the burden of persuasion is correct. It is clear that, like the Fifth Circuit in *Burdine*, we ruled that Master-Bilt had not met its burden because it "failed to introduce comparative factual data" concerning plaintiffs' disproportionately few promotions and upgrades. Slip op. at 8 & n.11. In short, to rebut the presumption raised by plaintiffs' prima facie case, we required Master-Bilt to persuade us that its actions were not the result of unlawful sex discrimination. *See Little v. Master-Bilt*, 506 F.Supp. 319, 334–35 (N.D.Miss.1980). Under contemporaneous, post-*Burdine* law, we reevaluate Master-Bilt's proof, bearing in mind that the burden on it is merely to "burst the bubble" of the presumption created by plaintiffs' proof of their prima facie case.

Having reconsidered our decision, our conclusion remains unchanged, for under the circumstances of this case *Burdine* requires only semantical changes in our rationale. Rather than holding that Master-Bilt failed to rebut plaintiffs' prima facie case, we rule that Master-Bilt successfully destroyed the presumption plaintiffs' prima facie case raised. However, in the absence of any presumptions, we find from the weight of the evidence that Master-Bilt unlawfully discriminated against plaintiffs in its promotion policies and practices because its proffered reasons for not promoting them were pretextual.

Although Master-Bilt rebutted the presumption against it by articulating a legally sufficient reason for its actions, its substantive proof was weak. To support its explanation that it promoted the employees most qualified, Master-Bilt elicited testimony concerning their qualifications and training programs offered by it to employees. We found this proof "unavailing." There was no showing that the qualifications of those promoted were job related, and there was no comparative proof of qualifications held by those not promoted. With respect to training courses, "[t]here was simply no showing that Master-Bilt promoted those workers who had taken the technical courses." 506 F.Supp. at 335.

In contrast, plaintiffs proved the following:

Plaintiff's witnesses collectively testified to numerous incidents in which men were promoted over women who had longer tenure at Master-Bilt and who were able to do the job.... The undisputed proof at trial was that all production area jobs are easy to learn and in fact some required as little as one day's training. Moreover, the proof showed, and we find as a fact, that female employees have had to teach new male workers in their departments who have been promoted over them how to do their jobs.

. . . .

The overwhelming evidence is, and we find the fact to be, that promotions and upgrades are made largely on an ad hoc basis, controlled by subjective determination of those qualified for various job vacancies. We also find that Master-Bilt does not post notices of job vacancies, qualifications for jobs, or procedure to apply for promotions. In our view, promotions and upgrades are functionally identical because both denote advancement and increased pay; and this advancement, whether characterized as promotion or upgrade, is not the result of the application of objective evaluation standards. We therefore find that Master-Bilt's promotion and upgrade procedures are arbitrary and operate to the detriment of women employees.

The statistical proof shows, and we find as a fact, that female employees are grossly underrepresented in G–4, G–5, and supervisory positions. Because the relevant calculations reveal that this underrepresentation was statistically significant at a level of confidence exceeding 95%, we find that Master-Bilt's promotion and upgrade policies affect women differently than men to the women's detriment. This level of confidence exists whether or not promotions are analyzed alone or are instead considered with upgrades, and we accordingly find that Master-Bilt treats its female employees in a disparate manner in both promotions and upgrades.

*Id.* at 330–31. Considering all the evidence adduced by both parties, and noting that *Burdine* "does not change the substantive law developed in this circuit," *Robbins,* at 155, we conclude that plaintiffs have proven by a preponderance of the evidence that Master-Bilt's proffered reasons for its actions "were not its true reasons, but were a pretext for discrimination." *Burdine,* —— U.S. at ——, 101 S.Ct. at 1093, *citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). It is accordingly

ORDERED

That defendant's motion to reconsider our interim decision and enter judgment for it rather than for plaintiffs be and the same hereby is denied.